UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOHN CADIERE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16591** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL** | **SECTION "G" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and(C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.

Defendant Terrebonne Parish Consolidated Government has also filed a **Motion to Dismiss Plaintiff's Complaint Under FRCP 12(b) for Failure to State a Claim (R. Doc. 10)**.

### I.   Factual Summary

On November 21, 2016, the petitioner, Jerry John Cadiere, Jr., filed this *pro se* and *in forma pauperis* complaint against the Terrebonne Parish Consolidated Government ("TPCG") and the Terrebonne Consolidate Government. R. Doc. 1. Cadiere is currently housed at the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.

Cadiere alleges that he previously injured his knee while in the Terrebonne Parish Sheriff Office's care.[1] Cadiere further alleges that he has been sending in requests to the medical department at the Terrebonne Parish Criminal Justice Complex, but has not been able to see a

---

[1] The Court notes that Cadiere previously filed a claim against the Terrebonne Parish Sheriff's Office and Deputy Cody Blanchard for the incident that led to Cadiere's knee injury. Judgment was entered in favor of the Terrebonne Parish Sheriff's Office and Deputy Blanchard without prejudice as to Cadiere's right to assert state law claims in an appropriate state court forum. *Cadiere v. Terrebonne Parish Sheriff's Office, et al*, Civ. No. 2:16-cv-15870, (E.D. La.).

doctor for two months. R. Doc. 1, p. 5. He further states that a doctor visits Terrebonne Parish Criminal Justice Complex on Tuesdays and Thursdays. *Id.* Cadiere also alleges that he was off of his medication for almost two weeks before he started to receive medication again. *Id.* He also alleges that that he has not received answers back from his written grievances. *Id.*

Cadiere states that he is just trying to fix the problem with his knee. *Id.* As such, he seeks an order from the Court directing the defendants to fix the problem with his knee. *Id.* He also seeks reimbursements for his costs of filing fees and court costs. *Id.* He also seeks $2.5 million dollars for pain and suffering. *Id.*

## II.   <u>Standard of Review</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an undisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably

meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

Cadiere has named TPCG and Terrebonne Consolidated Government[2] in his complaint for the failure to provide him access to a doctor and for failing to provide him medication for an almost two week period. R. Doc. 1, p. 5.

"In [*Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 689 (1978)] the United States Supreme Court held that municipalities and municipal officials sued in an official capacity may be held liable under § 1983." *Mills v. City of Bogalusa*, No. 13-5477, 2016 WL 2619752, at *12 (E.D. La. May 5, 2016). However, for the municipality or local government unit to be liable "a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'" *Spiller v. City of Texas Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir.1994)). However, as the Fifth Circuit explained in *Spiller*, this showing requires a plaintiff to allege that:

> The custom or policy served as the moving force behind the [constitutional] violation at issue, or that her injuries resulted from the execution of the official policy or custom. . .[t]he description of a policy or custom and its relationship to

---

[2] Upon the Court's review, there does not appear to be an existing entity called the Terrebonne Consolidated Government. Rather, the Court believes that Cadiere incorrectly repeated the name of the TPCG on the front of his complaint (R. Doc. 1, p. 1) and later clarified that the only defendant was the TPCG (R. Doc. 1, p. 4). Furthermore, Cadiere does not set forth any factual basis for his claim against the "Terrebonne Consolidated Government." Without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail to state a claim for which relief can be granted. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Finally, the Court notes that it appears that the "*Terrebonne Parish Consolidated Government*, concedes that it administers the medical department at the Terrebonne Parish Criminal Justice Complex." *Fitch v. Terrebonne Parish Consol. Gov't*, No. 06-3940, 2007 WL 275901, at *2 (E.D. La. 2007). Nonetheless, even assuming the Terrebonne Consolidated Government does exist, the Court's analysis does not change. Cadiere's claims are frivolous and should be dismissed.

> the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Id.* (internal quotation marks removed) (first citing *Meadowbriar Home For Children, Inc. v. Gunn,* 81 F.3d 521, 533 (5th Cir.1996), then citing *Fraire v. Arlington,* 957 F.2d 1268, 1277 (5th Cir.1992)).

Here, Cadiere has not alleged that his failure to see a doctor or his failure to receive medication was the result of a policy or custom of the TPCG or the Terrebonne Consolidated Government. As such, Cadiere has failed to state a non-frivolous claim which would entitle him to relief under § 1983 and his claims should be dismissed with prejudice. *See Fitch v. Terrebonne Parish Consol. Gov't*, No. 06-3940, 2007 WL 275901, at *2 (E.D. La. 2007) ("Because plaintiff has not alleged that his purportedly inadequate medical care resulted from a policy or custom of the Terrebonne Parish Consolidated Government, he has stated no cognizable claim against the defendant.").

## IV.    Recommendation

**IT IS RECOMMENDED** that Jerry John Cadiere, Jr.'s claims against the defendants, Terrebonne Parish Consolidated Government and Terrebonne Consolidated Government be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that Defendant Terrebonne Parish Consolidated Government's **Motion to Dismiss Plaintiff's Complaint Under FRCP 12(b) for Failure to State a Claim (R. Doc. 10)** be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

4

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 24th day of January, 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.