## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOHN CADIERE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16591** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, et al.** | **SECTION "G"(4)** |

## ORDER

Before the Court are Plaintiff Jerry John Cadiere, Jr.'s ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a state prisoner housed in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana, filed a complaint pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Consolidated Government and the Terrebonne Consolidated Government (collectively, "Defendants").[2] The Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's claims with prejudice as frivolous.[3] On January 25, 2017, Plaintiff filed objections to the Report and Recommendation.[4] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, and dismiss Plaintiff's claims with prejudice.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1.

[3] Rec. Doc. 11 at 4.

[4] Rec. Doc. 12.

## I. Background

### A. *Factual and Procedural Background*[5]

On November 21, 2016, Plaintiff filed a complaint against Defendants.[6] In his complaint, Plaintiff alleges that he previously injured his knee while in the Terrebonne Parish Sheriff Office's care.[7] Plaintiff further alleges that he sent requests to the medical department at the Terrebonne Parish Criminal Justice Complex, but he was not able to see a doctor for two months.[8] Plaintiff states that a doctor visits Terrebonne Parish Criminal Justice Complex on Tuesdays and Thursdays.[9] Plaintiff asserts that he was off of his medication for almost two weeks before he started to receive medication again.[10] He also alleges that he filed written grievances but did not receive a response.[11]

Plaintiff seeks an order from the Court directing Defendants to fix the problem with his knee.[12] He also seeks $2.5 million dollars for pain and suffering and reimbursement for filing fees and court costs.[13]

---

[5] The following background derives from Plaintiff's complaint, and the Court will consider his allegations as true for the purpose of considering Plaintiff's objections.

[6] Rec. Doc. 1.

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

### B. *Report and Recommendation Findings*

On January 24, 2017, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.[14] The Magistrate Judge noted that in *Monell v. Department of Social Services of the City of New York* the United States Supreme Court held that municipalities and municipal officials sued in an official capacity may be held liable under Section 1983.[15] However, for the municipality or local government unit to be liable, "a plaintiff must initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'"[16]

Here, the Magistrate Judge found that Plaintiff had not alleged that his inability to see a doctor or to receive medication was the result of a policy or custom of the Defendants.[17] Accordingly, the Magistrate Judge determined that Plaintiff failed to state a non-frivolous claim which would entitle him to relief under Section 1983, and his claims should be dismissed with prejudice.[18]

### C. *Plaintiff's Objections*

Plaintiff objects to the Magistrate Judge's recommendation.[19] Plaintiff avers that he

---

[14] Rec. Doc. 11 at 4.

[15] *Id.* at 3 (citing 436 U.S. 658, 689 (1978)).

[16] *Id.* (quoting *Spiller v. City of Texas Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994))).

[17] *Id.* at 4.

[18] *Id.*

[19] Rec. Doc. 12.

followed the jail's grievance procedures, but he did not receive a response from jail officials.[20] He contends that he filled out at least eight request forms to see a doctor, but he did not receive a response.[21] He argues that the doctor visits the jail every week on Tuesday and Thursday, but jail officials were avoiding Plaintiff's requests.[22] He asserts that it has now been four months, and he still has not seen a doctor.[23] He avers that there is something wrong with his knee, and he continues to experience pain and suffering.[24] He contends that his civil rights have been violated, and he requests that the Court not dismiss his case.[25] Finally, Plaintiff notes that he has been in the custody of the Department of Corrections since December 5, 2016, but he still has not been transported to a Department of Corrections facility where he could receive treatment for his knee injury.[26]

## II. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[27] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[20] *Id.* at 1.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 2.

[27] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

4

to."[28] A district court's review is limited to plain error for parts of the report which are not properly objected to.[29]

## B. *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[30] A complaint is frivolous if it lacks an arguable basis in law or fact.[31] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[32] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[33] It lacks a basis in fact if "the facts alleged are clearly baseless."[34] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[35]

## III. Law and Analysis

Plaintiff objects to the Magistrate Judge's recommendation that his claims against Defendants be dismissed because he has not alleged that his failure to see a doctor or his failure to

---

[28] Fed. R. Civ. P. 72(b)(3).

[29] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[30] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[31] *Id.*

[32] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[33] *Talib*, 138 F.3d at 213.

[34] *Id.*

[35] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

5

receive medication was the result of a policy or custom of the Defendants.[36] Accordingly, the Court reviews this issue *de novo.*

In *Monell v. Department of Social Services of the City of New York*, the United States Supreme Court held that municipalities and municipal officials sued in an official capacity may be held liable under Section 1983.[37] To maintain a Section 1983 claim against a municipality, a plaintiff must show that officials acted in accordance with an official policy or custom.[38] Thus, municipalities are not vicariously liable for rights violations committed by their employees, but they are liable whenever "their official policies cause their employees to violate another person's constitutional rights."[39] The Supreme Court has instructed that:

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.[40]

Accordingly, to maintain a Section 1983 claim against Defendants Terrebonne Parish Consolidated Government and the Terrebonne Consolidate Government, Plaintiff must allege that officials acted in accordance with an official policy or custom to violate his constitutional rights. Plaintiff had not alleged that the denial of his request to see a doctor or to receive medication was the result of a policy or custom of the Defendants in either his complaint or his objections to the

---

[36] Rec. Doc. 11.

[37] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 689 (1978).

[38] *James v. Texas Collin Cty.*, 535 F.3d 365, 375 (5th Cir. 2008) (citing *Monell*, 436 U.S. at 658).

[39] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988); *see also Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 602 (5th Cir. 2001).

[40] *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Magistrate Judge's Report and Recommendation. Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Defendants be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

### IV. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.

**NEW ORLEANS, LOUISIANA,** this  24th   day of April, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**